UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:03CV-73-R

CHARLES IRVING WELCH                                                                         PLAINTIFF

v.

CLIFF GILL, et. al.                                                                                    DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the Court on Defendants' Motion for Summary Judgment (Docket #44). The Plaintiff has not responded. This matter is now ripe for adjudication. For the following reasons, the Defendants' Motion for Summary Judgment is **GRANTED**.

### BACKGROUND

The facts in this matter are not disputed. Charles Welch ("Welch") was hired in September of 1998 by the McCracken County Jail as a Deputy Jailer. In August 0f 2001, Welch started to consider the idea of running for County Jailer. On August 16, 2001, while at work, he mentioned this idea to Deputy Jailer Pat Dykes ("Dykes") and asked her if she would contribute to his campaign, to which she said she would not contribute. The same day Welch also asked Deputy Jailer Marcia Williams ("Williams") if she wanted to donate to his campaign, to which she said she would not. Williams said that after she said "no" to donating to his campaign Welch told her "then you may be looking for a job." Dykes and Williams reported the incident to Jailer Cliff Gill ("Gill") and gave him their written statements. Gill called Welch into his office and allowed Welch to review the statements and asked Welch for his side of the story. Welch told Gill that the incident was "blown out of context." Gill then offered Welch two (2) choices:

either he could resign or be terminated.  Welch refused to resign, so Gill terminated him.

The Defendants cite the McCracken County Policy and Procedure Manuel in defense of their decision to terminate Welch.  The Manuel states that "[t]he use of threatening or abusive language toward other employees, horseplay, threatening or intimidating other employees, fighting or provoking a fight" are grounds for immediate dismissal.  The Defendants argue that Gill believed Welch's statements to Williams were a form of intimidation.

Welch, an African-American male, filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 1, 2002.  Following an investigation, the EEOC dismissed Welch's complaint and issued a notice of rights letter on December 31, 2002.  Subsequently, Welch filed his initial complaint and amended complaint with this Court on April 3, 2003 and June 10, 2004, respectively, alleging violations of: Title VII of the 1964 Civil Rights Act; KRS 344.040; First and Fourteenth Amendments of the U.S. Constitution; and Section 1 of the Kentucky Constitution.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

The Defendants argue that Welch cannot establish a prima facie case of discrimination pursuant to Title VII and KRS §344.040. They assert that even if the Plaintiff can establish a prima facie case, Welch was discharged for legitimate nondiscriminatory reasons. The Defendants also contend that the First and Fourteenth Amendment claims by the Plaintiff are barred by the statute of limitations. Lastly, the Defendants argue that the claim pursuant to Section 1 of the Kentucky Constitution is without merit and fails as a matter of law. The Court will address each of these claims individually.

### *1. Civil Rights Claims under Title VII and KRS §344.040*

In Kentucky and on a federal level, all civil rights claim are analyzed under the standard set by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Harker v. Federal Land Bank of Louisville*, 679 S.W.2d 226, 230 (Ky. App. 1984). Under the *McDonnell Douglas* standard, the Plaintiff must first establish a *prima facie* case of discrimination by showing: 1) that he/she belongs to the statutory protected class; 2) he/she performed his/her job satisfactorily (was otherwise qualified for the position); 3) he/she was subject to an adverse employment decision and 4) and the adverse decision resulted in a similarly situated person outside of the protected class being treated more favorably. *McDonnell Douglas* at 802-805; *Harker*, 679 S.W.2d at 230. If the plaintiff can meet this initial hurdle, the burden then shifts to the employer who must then state with clarity their legitimate reason for the adverse decision. *Harker* at 230. If the employer offers a legitimate reason, than the burden shifts back to the plaintiff who must then show that he/she is the victim of intentional discrimination and the employer's reasons were pretextual. *Id*. at 230; *Kentucky Center for the Arts v. Handley*, 827 S.W.2d 697, 700-701 (Ky. App. 1991).

To meet this final burden the plaintiff must offer direct or circumstantial evidence that rebuts the reasoning offered by the employer. *Handley*, 827 S.W.2d at 700-701; *Kentucky Department of Corrections v. McCullough*, 123 S.W.3d 130, 135 (Ky. 2003) *citing Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1973). Direct evidence consists of evidence, "which if believed by the trier of fact, will prove the particular fact in question without reliance on inference or presumption." *McCullough*, 123 S.W.2d at 135. Circumstantial evidence is "evidence sufficient

to raise the inference that [the] protected activity was the likely reason for the adverse action." *Id.* Although the burden of proof may be on the plaintiff to meet this final standard, in a civil rights case the Plaintiff "must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his[/her] rejection were in fact a coverup for a....discriminatory decision." *McDonnell Douglas* at 805.

The Kentucky Civil Rights Act ("KCRA"), KRS §344.040(1), states in pertinent part:

> It is an unlawful practice for an employer: (1) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability, or because the individual is a smoker or nonsmoker, as long as the person complies with any workplace policy concerning smoking.

The Defendants have yielded the first three elements of the prima facie case in this matter (member of a protected class, suffered an adverse action, and was qualified for his position of deputy jailer), but contest the fourth prong that a similarly-situated employee outside of the protected class (in this case race) was treated more favorably than he was. Welch has stated that Deputy Jailers at the time, Budge Waltmon ("Waltmon") and Bill Adams ("Adams"), both of whom are white, had also expressed an interest in running for Jailer at some point, but neither of them were fired.

Based on the evidence, Welch has not met his burden of establishing a prima facie case on his civil rights claims. Although both Waltmon and Adams had expressed an interest in becoming County Jailer, neither of these men acted in an intimidating manner by threatening another employee. The fact that Waltmon and Adams wished to run for County Jailer and were not terminated does not demonstrate that they were treated more favorably, unless they had also

violated the rules listed in the McCracken County Policy & Procedure Manuel. As such, Welch has not shown that similarly situated employees outside of his protected class were treated more favorably than he was; and therefore, Welch has not met his burden in establishing a prima face case of discrimination under both Title VII and KRS §344.040.

Assuming that Welch can meet his prima facie burden, he has not offered any direct or circumstantial evidence to demonstrate pretext on the part of the Defendants. The Defendants have stated that they terminated Welch for violating the rules of the McCracken County Policy & Procedure Manuel, a legitimate non-discriminatory reason. In response, Welch has proffered no evidence to show any pretextual discrimination on the part of the Defendants. Accordingly, the claims against the Defendants for allegedly violating the civil rights of the Plaintiff under federal and Kentucky law fail as a matter of law.

### *2. First and Fourteenth Amendment Claims*

The Defendants assert that the Kentucky one-year statute of limitations governs constitutional claims brought under 42 U.S.C. §1983. In *Collard v. Kentucky Board of Nursing*, the Sixth Circuit Court of Appeals held that the Kentucky's one-year personal injury statute of applies to constitutional claims and can bar §1983 actions if brought after the one-year limitations period. *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182-83 (6th Cir. 1990). As such, the Court must determine whether or not Welch brought his constitutional claims within the one-year statute of limitations.

Welch was terminated on August 16, 2001. He brought his original complaint on April 3, 2003, nearly twenty (20) months after his termination. Further, Welch did not allege the constitutional claims against the Defendants until June 10, 2004, nearly thirty-four (34) months

after his termination.  These time frames indicate that Welch did not bring his complaint within one-year after his termination.  Accordingly, the First and Fourteenth Amendment claims against the Defendants fail as a matter of law.

### *3. Section 1 of the Kentucky Constitution Claim*

Welch alleges that by terminating his employment the Defendants violated his rights under Section 1 of the Kentucky Constitution by denying him the right to seek and pursue his happiness, and the right to freely communicate his thoughts and opinions.  The Defendants assert that the Plaintiff cannot bring this state constitutional claim because there is no private cause of action under Section 1 of the Kentucky Constitution.  The Defendants cite a recent unpublished opinion by Chief Judge John Heyburn, who recognized that in Kentucky there are no private causes of action under Section 1 of the Bill of Rights in the Kentucky Constitution.  *Taylor v. University Medical Center, Inc.*, 2005 WL 1026190 at *3 (W.D.Ky. 2005).  Kentucky state courts have also recognized that no such causes of action may be brought under Section 1 of the Kentucky Constitution.  *Baker v. Campbell County Bd. of Educ.*, 180 S.W.3d 479, 482-83 (Ky. App. 2005).  As such, the Plaintiff may not bring a private cause of action against the Defendants under Section 1 of the Kentucky Constitution.

Even if the Plaintiff could have arguably brought this action under 42 U.S.C. §1983, which he does not cite in his complaint under this cause of action, as determined *supra*, all §1983 are barred by the one-year statute of limitations. *See Collard* at 182-83.  Accordingly, the Section 1 of the Kentucky Constitution claim against the Defendants fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary is **GRANTED**.  The

claims against the Defendants are **DISMISSED**.

An appropriate order shall issue.